Cite as 2020 Ark. App. 374

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–19–741

| | |
|---|---|
| CLEVELAND EARL SMITH<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered:** September 2, 2020<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-16-946]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

Cleveland Smith was convicted by the Faulkner County Circuit Court of residential burglary and third-degree battery. Following a bench trial, he was sentenced to seven years' incarceration in the Arkansas Department of Correction and an additional two years suspended imposition of sentence. On appeal, Smith argues that there was insufficient evidence to support his convictions. We affirm but remand the case with instructions to correct the sentencing order.

The testimony at trial established the following. On the evening of October 24, 2016, Officer Michael Fuentes with the Conway Police Department responded to a burglary call at Justin West's residence. Upon arriving at the residence, Officer Fuentes made contact with West and noticed that the right side of his face was red. West advised him that Smith and two other men had come to his residence looking for Kayla Marshall, Smith's ex-

girlfriend and West's roommate. The three men forced their way into his house and attacked him.

West testified that the night before this incident, Smith had broken in and was hiding in Marshall's bathroom. A friend of West's pulled a gun on Smith forcing him to leave. West testified that the night of the attack, he "was struck on the side of [his] head" and "kicked in [his] side." Upon pulling out a pocketknife, the men fled. West could not testify which attacker inflicted which injury, and he also could not identify the other two men. However, he was "very certain" that Smith had entered and remained in his residence while he was being attacked.

After the State rested, Smith moved for dismissal of the battery charge, arguing that there was no evidence that Smith had struck West or directed anybody else to do it. [1] The circuit court denied the motion. Smith then testified in his defense denying that the attack occurred. He said that the night of October 24 was when the gun was pulled on him and he was asked to leave. Smith said he never returned to the residence after that incident. At the close of evidence, Smith did not renew his motion to dismiss. The court found him guilty of third-degree battery and residential burglary and he was sentenced accordingly. Smith now timely appeals.

Rule 33.1 of the Arkansas Rules of Criminal Procedure governs motions to dismiss in bench trials and provides in relevant part as follows:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. *The motion for dismissal shall state the specific grounds*

---

[1]Although Smith called his motion one for directed verdict, the motion at a bench trial is properly a motion to dismiss. Ark. R. Crim. P. 33.1(b).

*therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.*

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

(Emphasis added.)

Accordingly, in order to preserve a challenge to the sufficiency of the evidence at a bench trial, an appellant must make a specific motion to dismiss at the close of all the evidence that advises the circuit court of the exact element of the crime that the State has failed to prove. The reason underlying our requirement that specific grounds be stated and that the absent proof be pinpointed is that it gives the circuit court the option of either granting the motion, or if justice requires, allowing the State to reopen its case and supply the missing proof. *Lopez-Deleon v. State*, 2014 Ark. App. 274, at 5–7, 434 S.W.3d 914, 918. We will not consider arguments that are raised for the first time on appeal, and a party is bound on appeal by the nature and scope of the objections and arguments presented at trial. *Id.*

Because Smith did not renew his motion to dismiss on the battery charge and never moved to dismiss the residential-burglary charge, his arguments on appeal are not preserved. We therefore affirm Smith's convictions, but we must address an error in the court's

sentencing order. The sentencing order reflects that Smith entered negotiated guilty pleas to both counts. However, he was found guilty and sentenced by the court. On remand, we direct the circuit court to correct this error.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.